## JURY FEES IN CONDEMNATION CASES.

[Circuit Court of Hamilton County.]

### THE CINCINNATI, MILFORD & LOVELAND TRACTION CO. v. PHILOMENA FELIX.

Decided, January 2, 1904.

*Constitutional Law—Costs—Jury Fees in Condemnation Cases—May be Legally Assessed Against the Corporation.*

Section 6451, providing that in condemnation cases the jury fees shall be paid as a part of the costs by the corporation seeking to appropriate the land, imposes no burden upon one suitor or class of suitors from which others similarly situated are exempt, and is therefore not in conflict with Section 26 of Article II of the Ohio Constitution.

GIFFEN, J.; SWING, J., and JELKE, J., concur.

It is claimed that the court erred in taxing the jury fees as a part of the costs to be paid by the plaintiff in the proceedings to appropriate private property and assess the compensation therefor, for the reason that Section 6451, Revised Statutes, is unconstitutional and void.

In such proceedings under Chapter 8, Title II of the Revised Statutes, the right of trial by jury is provided for and unimpaired, except by the requirement that the jury fees shall be paid as a part of the costs by the corporation seeking to appropriate the property.

"Costs are unknown to the common law. They are given only by statute and may be changed or entirely taken away by the will of the Legislature" (*Farrier* v. *Cairns,* 5 Ohio, 45).

It would therefore be within the power of the Legislature to provide that the parties in all jury trials should pay, as a part of the costs, the fees allowed by statute to the jury; and the only question then in this case is whether there is an unlawful discrimination against corporations, the jury fees in ordinary trials being paid by the county treasurer on the warrant of the county auditor.

Individuals may not invoke the power of eminent domain, and all private corporations that may resort to it are subject to the provisions of Section 6451, Revised Statutes, which imposes no burden upon one suitor or class of suitors from which others similarly situated are exempt. In the case of *Snell* v. *Street*

*Railway Co.,* 60 O. S., 256, Judge Williams, delivering the opinion of the court, says, at page 267:

"It has never been regarded as essential to the validity of remedial procedure that it should be applicable in all its provisions to all persons or parties alike. Different situations and conditions often render appropriate and necessary different provisions, the necessity or propriety of which rests largely in the legislative discretion."

The case of *Silberman et al* v. *Hay,* 59 O. S., 528, cited by counsel for the plaintiff in error, is not in point, as the statute under consideration in that case was held unconstitutional, not because it required a deposit of a certain sum of money for the jury fund, but because it applied to Cuyahoga county alone, and being a law of a general nature, did not have uniform operation throughout the state.

In view of the extraordinary power of corporations to appropriate private property the Legislature deemed it wise, in the event that the parties could not agree upon the compensation and the jury was impanneled to ascertain the amount, that the cost thereof should be taxed against the corporation appropriating the land.

We think therefore that this section of the statutes is not in conflict with Section 26, Article II of the Constitution, and the judgment will be affirmed.

*Gordon, Granger & DeWitt* and *Charles W. Baker,* for plaintiff in error.

*John Nichols* and *Ampt, Ireton & Collins,* for defendant in error.